# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-76V
UNPUBLISHED

| | |
|---|---|
| MAXINE PAUL,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 18, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*John Robert Howie, Howie Law, PC, Dallas, TX,* for Petitioner.

*Robert Paul Coleman, III, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

  On January 15, 2019, Maxine Paul filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a SIRVA after receiving the flu vaccine on January 29, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On March 13, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On May 15, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $47,500.00. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $47.500.00 in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| MAXINE PAUL, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 19-76V<br>Chief Special Master Corcoran<br>ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) | |

**PROFFER ON AWARD OF COMPENSATION[1]**

**I.   Procedural History**

On January 15, 2019, Maxine Paul ("petitioner") filed a Petition ("Petition") for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza vaccination in her left shoulder on January 29, 2018. Petition at 1.

On March 11, 2020, respondent filed a Vaccine Rule 4(c) Report concluding that petitioner suffered a SIRVA as defined by the Vaccine Injury Table, and on March 13, 2020, the Court found petitioner entitled to compensation.

**II.   Items of Compensation**

The parties agree that based upon the evidence of record, petitioner is entitled to compensation for actual pain and suffering. Therefore, respondent proffers that petitioner should

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to discuss after the Damages Decision is issued.

be awarded actual pain and suffering damages as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(4).  Respondent proffers that the appropriate award for petitioner's actual pain and suffering is $47,500.00.  Petitioner agrees.

### III.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following:[2]

A lump sum payment of $47,500.00, representing compensation for actual pain and suffering, in the form of a check payable to petitioner.  Petitioner agrees.

    Respectfully submitted,

    JOSEPH H. HUNT
    Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Acting Director
    Torts Branch, Civil Division

    CATHARINE E. REEVES
    Deputy Director
    Torts Branch, Civil Division

    HEATHER L. PEARLMAN
    Assistant Director
    Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

                                                  s/ Robert P. Coleman III
ROBERT P. COLEMAN III
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0274
Email: Robert.P.Coleman@usdoj.gov

DATED:  May 15, 2020